# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD A. BRANDES,<br><br>    Plaintiff<br><br>v.<br><br>TED UCHIEK, WILLIAM KINVILLE, SHERIFF MARK C. CURRAN, ERIC MIZUNO, ARMOR CORRECTIONAL HEALTH SERVICES, INC., and COUNTY OF LAKE, IL,<br>    Defendants. | Case No. 16-CV-5285<br><br>Judge Jorge L. Alonso |

## ORDER

Defendants Mark Curran, Ted Uchiek, William Kinville and the County of Lake's Motion to Dismiss the Second Amended Complaint [42] and Defendants Mizuno and Armor Correctional Health Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint [44] are granted. Plaintiff is given one last chance to amend his complaint by February 14, 2018 to state a claim or this case will be dismissed with prejudice. Status hearing previously set for January 23, 2018 is stricken and reset to March 15, 2018, at 9:30 a.m.

## STATEMENT

Plaintiff brought a *pro se* complaint alleging that he received constitutionally deficient medical care while incarcerated at Lake County Correctional Facility. After recruited counsel amended the complaint, Defendants moved to dismiss for failure to state a claim. Recruited counsel subsequently withdrew from the case. New counsel was recruited for plaintiff, and a

1

second amended complaint was filed. Defendants now move to dismiss the second amended complaint.

Plaintiff alleges that he was an inmate at the Lake County Correctional Facility from about January 13, 2016 to July 2016. [Dkt 41 ¶ 2.] He complains that as early as February 12, 2016 he requested treatment, diagnosis, and relief from the pain associated with the growth of painful bumps on both of his feet that was later diagnosed to be Plantar Fibromatosis. [Dkt 41 ¶¶ 2, 9, 11, 12.] According to Plaintiff, Defendants failed to timely schedule a doctor visit for Plaintiff, failed to timely schedule Plaintiff for surgery, failed to provide Plaintiff with appropriate shoes and/or proper and effective pain medication, failed to provide timely replacement of Plaintiff's dressings, and refused to allow Plaintiff to use a wheelchair less than a month after the surgery he ultimately underwent. [*Id.* ¶ 14.] Plaintiff alleges that Defendants' actions demonstrate deliberate indifference to his serious medical condition, causing Plaintiff to unnecessarily experience severe pain. [*Id*. ¶¶ 13-16.]

Defendants Mark Curran, Ted Uchiek, William Kinville and the County of Lake ("the Sheriff Defendants") move to dismiss the Second Amended Complaint on the basis that it fails to state a claim against them for deliberate indifference, and that no claim could be stated against them because they are entitled to rely on the medical providers at the jail. [Dkt 42] Defendants Dr. Eric Mizuno and Armor Correctional Health Services, Inc. (the "Medical Defendants"), also move to dismiss the complaint on the basis that it fails to state a claim against them, fails to allege any personal involvement by Dr. Mizuno in the alleged constitutional deprivation, and fails to state a claim against Armor under *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). [Dkt 44.]

As an initial matter, the Court declines both sets of defendants' invitation to consider the allegations of the first amended complaint in weighing the sufficiency of the second one. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Regardless, as both sets of defendants acknowledge, the second amended complaint is "essentially the same in substance" as the last one. [Dkt 44 at 3; *accord* dkt 42 at 4.] It is the substance of the operative complaint that is tested by the current motions to dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Plaintiff attempts to state a claim for deliberate indifference. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A pretrial detainee's Fourteenth Amendment due process rights to medical care are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Estate of Miller v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012). To state a claim based on deliberate indifference, the plaintiff must allege facts

indicating that "his medical condition is 'objectively, sufficiently serious.'" *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016) (an objectively serious medical condition is one that has been diagnosed by a doctor as needing treatment, or a condition so serious that even a lay person would easily recognize the need for medical attention). Plaintiff must also allege "that prison officials acted with a 'sufficiently culpable state of mind,' – *i.e.*, that they both knew of and disregarded an excessive risk to inmate health." *Lewis*, 864 F.3d at 563 (quoting *Farmer*, 511 U.S. at 834) (internal citation omitted). Prison officials may exhibit deliberate indifference to a known condition through inaction, *see Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), or by delaying treatment and thus aggravating an injury or needlessly prolonging an inmate's pain, *see Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017); *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). Deliberate indifference rests on an intentional or essentially criminally reckless standard, rather than merely negligent conduct. *See McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013). A plaintiff must show that the prison official was on "sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834).

In his second amended complaint, Plaintiff complains of defendants' delays in his treatment collectively, and inadequacies in his medical care not attributed to any particular defendant. He alleges that he experienced great pain as a result. Plaintiff fails to allege however whether and when any particular defendant knew of his condition, or that any particular defendant caused or in any way participated in the lack of care about which he complains. Indeed, in the one place where Plaintiff makes allegations against each of the defendants respectively, he does so only to identify their supervisory roles. [Dkt 41 ¶ 3-5.] Specifically, he

alleges that each of the Sheriff Defendants had "direct supervisory responsibility" either for "the care of inmates in custody," or "for fulfilling the County's duties to inmates and the Plaintiff on a day to day basis." [*Id.*] As to the Medical Defendants, Plaintiff only alleges that Dr. Mizuno had "direct responsibility for the diagnosis, care and treatment of the Plaintiff." [*Id*. ¶ 6.] Plaintiff alleges even less as to Armor Correctional Health Services, stating only that it was a contract healthcare services provider to inmates at the jail, and that Dr. Mizuno was "provided" to the jail pursuant to the contract. [*Id*. ¶ 7.]

Plaintiff's second amended complaint fails to state a claim. "The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Section 1983 liability is dependent on personal liability and predicated on fault; an individual may be held liable under § 1983 only if he caused or participated in a constitutional deprivation. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Without any allegations as to who did what, Plaintiff fails to state a colorable claim of deliberate indifference to a serious medical need against any particular defendant.

Plaintiff's claim against Sheriff Curran and Armor fail for another reason. Contrary to Plaintiff's argument, there is no *respondeat superior* (supervisory) liability under § 1983. *See*. *See Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. 677). Supervisors can be held responsible for the constitutional violations of their subordinates only if the violations occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). To the extent Plaintiff seeks to bring a claim against Sheriff Curran individually (or any other defendant) in his

5

supervisory role, he must allege sufficient material from which it can plausibly be said that the violation occurred at his direction or with his knowledge and consent. *Id.* To the extent that Plaintiff seeks to bring a claim against Sheriff Curran in his official capacity, it is treated as a claim against the Lake County Sheriff's Office, not the individual employee or office holder. *See Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). A governmental unit, in turn, cannot be held liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom. *See id; Monell*, 436 U.S. at 694.

Likewise, a private corporation like Armor that has contracted to provide essential government services such as health care for prisoners also cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *See Shields v. Ill. Dep't. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Instead, Plaintiff can state a § 1983 claim against Armor by alleging that "his injury was caused by [an Armor] policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Id.* at 796. Contrary to Plaintiff's argument, the mere recitation of the timeline in which he sought and received services is insufficient to state such a claim. Instead, Plaintiff must allege that: "(1) the [defendant] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [defendant] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Plaintiff makes no such allegations.

Plaintiff has already been given leave to amend his complaint. In this court's discretion, Plaintiff is given yet another chance to state a viable claim. Any amended complaint must provide sufficient detail to determine what each defendant allegedly did that denied him of a constitutional right. To the extent that Plaintiff seeks to bring a claim against an individual defendant in his or her supervisory capacity, Plaintiff must state what the supervisor knew or to what he or she consented. To the extent Plaintiff intends to state a *Monell* claim against any particular defendant, he must sufficiently allege the municipal or corporate policy, practice, or custom that gave rise to the injury of which he complains.

The Sheriff Defendants' arguments notwithstanding, leave to replead against them would not be futile. While nonmedical officers are entitled to defer to the judgment of medical professionals, they may not ignore a detainee's condition. *Arnett*, 658 F. 3d at 751. "[N]onmedical officers may be found deliberately indifferent if they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *McGee v. Adams*, 721 F. 3d 474, 483 (7th Cir. 2013). Given the sparsity of allegations in the complaint, it is unclear whether Plaintiff might state such a claim.

## CONCLUSION

Defendant Mark Curran, Ted Uchiek, William Kinville and the County of Lake's Motion to Dismiss the Second Amended Complaint [42] and Defendants Mizuno and Armor Correctional Health Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint [44] are granted. Plaintiff is given one last chance to amend his complaint by February 14, 2018 to state a claim or this case will be dismissed with prejudice. If Plaintiff's counsel believes that filing an amended complaint would be inconsistent with Rule 11 obligations, counsel should so

7

inform the court. Status hearing previously set for January 23, 2018 is stricken and reset to March 15, 2018, at 9:30 a.m.

Date: 1/16/18

							Jorge L. Alonso
							United States District Judge